IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,433






EX PARTE RONNIE RAY ALLEN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 92-04-00376-CR(2)


FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY




 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of burglary of a building, and punishment was assessed at ten years'
confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he is improperly serving his sentences
consecutively, when he should be serving them concurrently. Specifically, Applicant asserts
that: (1) his sentence in the instant cause began when the parole board designated a date for
his release on parole in his preceding conviction; (2) at that time, his sentences began running
concurrently; and (3) that upon his revocation, the sentences should have remained
concurrent, rather than consecutive. The trial court entered findings of fact and conclusions
of law recommending that Applicant be granted relief on this ground. We agree. See Ex
parte Kuester, 21 S.W.3d 264, 272-73 (Tex. Crim. App. 2000).

 Habeas corpus relief is granted. The Texas Department of Criminal Justice -
Correctional Institutions Division is ordered to amend Applicant's records to reflect that his
sentences are being served concurrently, and have been served concurrently since the date
the Board of Pardons and Paroles designated for Applicant's release to parole in his
preceding conviction.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Paroles Division, and Board of Pardons and Paroles
Division.

DO NOT PUBLISH

DELIVERED: June 14, 2006